

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-75,582-03

### EX PARTE DAVID M. DONOVAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 756982-B IN THE 184TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*. ALCALA, J., not participating.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual assault and sentenced to forty-five years' imprisonment. The First Court of Appeals affirmed his conviction. *Donovan v. State*, No. 01-05-00946-CR (Tex. App.—Houston [1st Dist.] May 17, 2007).

Applicant contends, among other things, that plea counsel rendered ineffective assistance. After counsel responded in a sworn affidavit, the trial court made findings of fact and conclusions of law and recommended that we deny relief. We believe that the record should be further developed

to determine whether plea counsel was ineffective.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall hold a live evidentiary hearing.

The trial court shall determine whether Applicant is indigent. If he is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings of fact and conclusions of law as to whether the statements in plea counsel's affidavit are credible, his conduct was deficient, and Applicant would have insisted on a trial but for his alleged deficient conduct. *Hill v. Lockhart*, 474 U.S. 52 (1985). The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim that plea counsel was ineffective.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: November 4, 2015
Do not publish